HAAR *v.* CONSOLIDATED CARSON RIVER DREDGING Co. *et al.*

*(Supreme Court, General Term, First Department.*   December 31, 1891.)

CORPORATIONS—FRAUDULENT DISSOLUTION—EVIDENCE.

Plaintiff applied for a preliminary injunction to prevent the transfer of the property of the A. Co. to the B. Co., on the ground of conspiracy to defraud the stockholders of the A. Co., of whom he was one.   The A. Co. was a foreign corporation, organized for the purpose of developing mines in Nevada.   It appeared by the affidavits of defendants that the A. Co. had been embarrassed for want of money by a breach of contract on the part of plaintiff by which he got possession of a large part of the stock of the company; and for that reason the company could not test the value of its properties; that the transfer attacked by plaintiff was *bona fide;* and that the estimate placed by plaintiff on the value of the properties of the A. Co. was extravagant.   Plaintiff waited several months after the transfer before applying for the injunction.   *Held,* that the injunction was properly denied.

Appeal from special term, New York county.

Action by John H. Haar against the Consolidated Carson River Dredging Company and another.   From an order denying a motion for an injunction and appointment of a receiver, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*Edward M. Burghard,* (*Lewis Sanders,* of counsel,) for appellant.   *Titus & Dowling,* for respondents.

VAN BRUNT, P. J.   This action having been brought to set aside the transfer of real estate situated outside of this state, made by one foreign corporation to another, a motion was made for an injunction and the appointment of a receiver, which was denied.   The court below, by its opinion, seems to have based its decision upon the ground that the court would not assume jurisdiction of such an action, although such fact is not stated in the order.   Without passing upon the validity of the ground mentioned in the opinion, we think that an examination of the papers in this case fails to disclose any case upon the merits in which an injunction should be granted or a receiver appointed.   The complaint alleges that the Consolidated Carson River Dredging Company, having its principal office in the city of New York, is a corporation duly organized under the laws of the state of Nevada, with a capital of $1,000,000, divided into 100,000 shares, which were issued in payment of certain valuable placer claims along the Carson river, in the state of Nevada, of which shares the plaintiff owns 15,000, the defendant Rae 30,000, the defendant Forrester 10,000, and there should be in the treasury of the company 10,000 shares and 10,000 shares donated by the defendant Rae to said company or their proceeds, and that by the general statutes of Nevada it is provided that the corporate powers of said corporation should be exercised

by a board of trustees; that the defendants Forrester, Halstead, Rae, Jr., Cobb, together with one Harris, Douglass, and Lewers, were and are the trustees of said company, and that defendant Christie was the assistant secretary of said company; that the defendants Forrester, Halstead, Rae, Sr., and Christie, for the purpose of perpetrating a fraud upon the rights of the plaintiff as a stockholder of said company, and upon other stockholders in said company, and said company, in August, 1890, together with one Olcott, associated themselves together as a corporation under the name of the "Carson River Placer Mining & Dredging Company," under the laws of West Virginia; that the object and purpose of forming said company was the obtaining of the valuable placer rights of the consolidated company by a contract to be made by the defendants Forrester, Halstead, Rae, Jr., and their associates, as trustees of said company, claiming to represent said company, and the defendants Forrester, Halstead, Rae, Sr., and Christie, as representing the defendant the Carson River Placer Mining & Dredging Company; that they published a notice of the meeting of the stockholders to be held at Dayton, Nev., the real object of which meeting, as plaintiff accidentally learned, was to get a resolution passed which would authorize the sale of the property of the consolidated company to the Carson River Placer, etc., Company without any adequate compensation, which object was defeated by plaintiff attending in person; that subsequently the individual defendants, or some of them, without notice to plaintiff, otherwise than by publication in a newspaper, gave notice of the holding of another stockholders' meeting, published in the Lyon County Times, of which meeting the plaintiff did not obtain notice in time to attend personally or by proxy; that, at the meeting of stockholders of said consolidated company held at the time of such notice, the defendants Forrester, Halstead, Rae, Jr., and their associates, claiming to represent said consolidated company, sold, or pretended to sell, to the Carson River Placer, etc., Company, all the rights and property of said consolidated company, without adequate consideration, in fraud of the rights of the stockholders, etc.; that the value of said placer rights so attempted to be sold has been estimated by competent judges, and assayed at over $1,000,000; that plaintiff demanded of said defendant Forrester, the president of said consolidated company, and defendant Christie, its assistant secretary, to see the books of said company, and that they give an account of what they have done with its property, which they severally declined to do; that the reason why the action was not brought by said consolidated company was that said company and the board of trustees were under the control of the defendants Forrester, Rae, Jr., and associates, active participants in said frauds. The complaint then alleges, on information and belief, that the property and right of said consolidated company are being converted to the use and benefit of said individual defendants and the Carson River Placer, etc., Company, under said alleged transfer, to the great damage of said consolidated company and the plaintiff. Wherefore the plaintiff prayed judgment for a receiver of the property of said consolidated company, and for an injunction restraining defendants from incumbering or disposing of or wasting any of the property of said consolidated company; that an account be taken, and that the pretended sale or transfer of the property and rights of said consolidated company to the said Carson River Placer, etc., Company be set aside and held for naught, and all such property restored to said consolidated company; and for other and further relief.

In the affidavit submitted upon this application made by the plaintiff, he makes the usual affidavit that one of the conspirators told him that they were going to perpetrate a fraud upon himself and the other stockholders of the company by selling out the property of the consolidated company to the Carson River Company, and carrying on the enterprise through the new company. The plaintiff sets out certain telegrams received from Rae, Jr., to

whom he had telegraphed, who informed the plaintiff on the 12th of October, 1890, that the meeting had been held and the transfer made to the new company. The affidavit also contains the allegation that defendants have been engaged in trying to bind the minor stockholders to the transfer by sending them certificates of shares in the new company, inclosing what purports to be a copy of a letter from Rae, Sr. The plaintiff further states in his affidavit that he has examined said placer claims, and estimates them to be worth from five to ten millions; and that the transfer aforesaid was made with intent to defraud said plaintiff and other stockholders, as well as said consolidated company. The affidavit of the attorney of the plaintiff also appears, in which he swears to the intention disclosed by Rae to sell out the machinery and assets of the consolidated company to a new company that had been formed, and which had already purchased machinery, which was then on its way to Dayton, Nev., because the consolidated company was in debt and could not pay its debts; that on the 10th of September, 1890, said attorney called at the office of the consolidated company, at No. 18 Broadway, and there met Christie and Forrester, but neither stated to deponent that a meeting was to be held at Dayton on the 4th of October, although informed by deponent that he represented the plaintiff. It is to be observed that the publication of the notice of this meeting was as disclosed by the complaint on the 27th of September. It is further stated in said affidavit that in October (what time is not stated) the deponent called at the office of the consolidated company at 18 Broadway, and met Forrester, who told him he had nothing to do with the consolidated company, and knew nothing about it, and showed deponent the glass door on which was painted "Carson River Placer Mining & Dredging Co.," saying, "This is the office of this company; I cannot tell you anything about the other company;" and that deponent then asked him what became of the books of the other company, and he said he did not know. In answer to the motion, affidavits were read upon the part of the defendants Forrester, Rae, Sr., Christie, Halstead, Olcott, and Cobb, all of whom depose to a state of facts entirely inconsistent with those contained in the complaint of the plaintiff, except in respect to the organization of the corporations and the fact of the transfer of the property. It appears that the principal office of the consolidated company was at Dayton, Nev., and that the meeting at which this transfer was decided was held at Nevada. It appears that the consolidated company was embarrassed for want of means, and that this want of means arose from a breach of contract upon the part of the plaintiff by which he obtained the stock which made him a stockholder of this corporation. They deny that the property and rights of the consolidated company are being converted to the use and benefit of the individual defendants and the Carson River Company, and they aver that said last-named company has possession of the property by virtue of a legal and *bona fide* sale; that the claims formerly owned by the consolidated company are valueless, until a practical test is made of their value; and that the consolidated company was unable to proceed for want of funds, or means wherewith to raise them, owing to a breach of contract upon the part of the plaintiff.

In this condition of the proof, the issuance of an injunction would seem certainly to be unwarranted. The extravagant estimate of the value of this property placed upon it by the plaintiff seems to be absolutely unsupported by the evidence. Neither is he shown to have any knowledge whatever which would enable him to speak of its value. There is no evidence of any attempt to incumber or secrete any of the property conveyed by the consolidated company to the Carson River Company, and as the plaintiff waited from October, 1890, until February, 1891, before commencing this action, there seems to be no necessity whatever for the interposition of the court by the extraordinary remedy of a preliminary injunction. As for the appointment of a receiver, it is somewhat difficult to see how a receiver appointed in this

state of a foreign corporation could obtain possession of the property of that corporation situated within the country of its organization. Upon the whole case, therefore, it would appear that there was no ground whatever for the appointment of a receiver, or for the granting of a preliminary injunction, unless the rule is to be adopted that, whenever a plaintiff asks for an injunction, such an order is to be issued. The order should be affirmed, with $10 costs and disbursements. All concur.